Submitted on the record January 9, ballot title referred to Attorney General for modification April 12, modified ballot title certified May 22, 2007 (342 Or 728)

Charles TAUMAN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54299)

157 P3d 186

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter, P.C., filed the petition to review ballot title and reply to respondent's answering memorandum for petitioner.

Paul L. Smith, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DURHAM, J.

## DURHAM, J.

■     Petitioner challenges the ballot title certified by the Attorney General for Initiative Petition 55 (2008). ORS 250.085(1). We review the ballot title for substantial compliance with statutory requirements. ORS 250.085(5). For the reasons expressed below, we refer the ballot title to the Attorney General for modification. ORS 250.085(8).

■     Initiative Petition 55 (2008), if enacted, would impose certain limits on fees that a law firm could charge under a contingent fee contract. The Attorney General certified the following ballot title for that proposed measure:

"LIMITS AMOUNT LAW FIRMS MAY CHARGE
CLIENTS PURSUANT TO CONTINGENT-FEE
CONTRACTS IN CIVIL CASES

"RESULT OF 'YES' VOTE:   'Yes' vote limits total fee collectable by a law firm pursuant to a contingent-fee contract in a civil case, regardless of the contract's terms.

"RESULT OF 'NO' VOTE:   'No' vote retains current law, which places no limitations on amount of contingent fee a law firm can collect under a contract with its client.

"SUMMARY:   Current law places no limitations on total amount of a contingent fee that a law firm can collect from a client pursuant to a contingent-fee contract entered into between the law firm and its client. Measure limits total fee that a law firm may charge a client under a contingent-fee contract in a civil case, regardless of the contract's terms. Under the measure, a law firm may only charge: the lesser of twice an attorney's regular hourly rate or $200 per hour. Measure requires law firm to return excess payments to clients within 30 days of case completion. Measure exempts costs and expenses from limitations. Other provisions."

Petitioner challenges the caption, result statements, and summary in the certified ballot title. The proposed measure bears some resemblance to the proposed measure involved in another ballot title challenge that this court recently decided. *See Pelikan/Tauman v. Myers*, 342 Or 383, 153 P3d 117 (2007) (ballot title challenge involving Initiative Petition 51 (2008)). The arguments that petitioner presents

here are similar in several respects to the arguments addressed in *Pelikan / Tauman*. Except for the arguments addressed below, we reject petitioner's other challenges, either because *Pelikan / Tauman* resolves them against petitioner or because they are not meritorious and a more complete discussion of them would not assist the public, the bench, or the bar.

Petitioner argues that the "yes" vote result statement is insufficient because it fails to disclose an important result of the proposed measure's enactment: the proposed measure's limitations will apply only to lawyers *for plaintiffs* in certain civil cases. The Attorney General agrees that the proposed measure's limitation on contingent fees "would likely apply only to law firms representing plaintiffs * * *." This court sustained a similar challenge in *Pelikan / Tauman*, stating:

> "We agree with Tauman that a significant consequence of this measure will be to limit the percentage of contingent fees that plaintiffs' lawyers can charge. Unlike the caption, the 'yes' vote result statement should reflect that consequence."

*Id.* at 390-91 (citation omitted). For the same reason, we sustain petitioner's challenge to the "yes" vote result statement in this case.

Petitioner raises the same challenge to the "no" vote result statement. We agree, for the same reason noted above, that an understandable description of the result of the proposed measure's rejection must refer accurately to the group chiefly affected by that act: law firms representing plaintiffs in certain civil cases.

Petitioner also challenges the "no" vote result statement and the caption because, in part, they state erroneously that current law places "no limitations" on the amount of contingent fee that a law firm can charge. Petitioner points out that current law forbids lawyers from charging illegal or clearly excessive fees. *See* ORPC 1.5(a) (stating that prohibition). In *Pelikan / Tauman*, this court sustained the same challenge. 342 Or at 391. We also sustain that challenge here.

For the reasons expressed above, we refer the ballot title to the Attorney General for modification. ORS 250.085(8).

Ballot title referred to Attorney General for modification.